UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY ROBINSON,

    Plaintiff,

v.                                    CASE NO.: 8:17-cv-02435-JSM-TGW

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and OLDSMAR
ENTERPRISE, INC. d/b/a Oldsmar Air
Conditioning,

    Defendants.

_____

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEREMY ROBINSON, by and through his undersigned counsel, sues the Defendants, State Farm Mutual Automobile Insurance Company ("State Farm"), and Oldsmar Enterprise, Inc., d/b/a Oldsmar Air Conditioning ("Oldsmar Air"), and alleges:

1. This is an action for damages that exceed fifteen thousand dollars ($15,000.00).

2. Venue is proper because the acts and omissions giving rise to this case occurred in Pinellas County, Florida.

### Common Allegations

3. At all times material, Defendant State Farm was a foreign corporation duly authorized to transact insurance in the State of Florida, and authorized and eligible to write motor vehicle liability insurance in said state.

4. At all times material, Oldsmar Air was a Florida for-profit corporation with its principal place of business in Oldsmar, Florida.

5. On or about September 19, 2016, Plaintiff was involved in a motor vehicle accident in Pinellas County in which he sustained serious personal injuries.

6. At that time and place, Jeffry Young, the tortfeasor, negligently operated his motor vehicle so that it struck another vehicle, which in turn was pushed into the vehicle being operated by Plaintiff, Jeremy Robinson.

7. After Plaintiff's vehicle was rear-ended, the impact pushed Plaintiff's vehicle into another vehicle stopped ahead of his, increasing the severity of the collision.

8. As a direct and proximate result of the negligent acts of Young and the collision described above, Plaintiff suffered bodily injury, resulting pain and suffering, disability, disfigurement, emotional distress, mental anguish, loss of capacity for the enjoyment of life, aggravation of pre-existing injuries, expense of hospitalization, and medical and nursing care and treatment. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**Count I**
**Claim for Uninsured/Underinsured Motorist Benefits Against**
**State Farm Mutual Automobile Insurance Company**

9. The allegations in paragraphs one through eight are realleged and incorporated by reference.

10. A policy of automobile insurance, including and providing uninsured/underinsured motorist coverage, known as Policy No. C83655759E was issued and delivered in the State of Florida by State Farm Mutual Automobile Insurance Company to Jeremy Robinson as named insured under said policy. A copy of the policy was not provided, only a policy disclosure, which is attached hereto and made a part hereof as Exhibit "A."

11. The State Farm policy was in full force and effect as to the Plaintiff on the date of the motor vehicle accident hereinabove alleged and provided uninsured motorist coverage to Plaintiff on account of that crash.

12. At the time and place of the motor vehicle crash described hereinabove, the operator of the motor vehicle which caused the collision with Plaintiff was an uninsured motorist under the terms and conditions of the insurance contract issued to Plaintiff by State Farm, in that the limits of bodily injury liability insurance coverage on said vehicle at the time of the accident were less than the total damages for bodily injuries sustained by Plaintiff.

13. The damages for the bodily injury sustained by the Plaintiff as a result of the motor vehicle accident were the fault of another party and not the fault of the Plaintiff thereby entitling Plaintiff to benefits under the uninsured/underinsured motorist coverage of his insurance policy with the Defendant, State Farm Mutual Automobile Insurance Company.

14. Plaintiff furnished Defendant with a claim pursuant to its policy for uninsured/underinsured motorist benefits.

15. Defendant has not paid reasonable damages pursuant to its uninsured/underinsured motorist coverage.

16. Prior to the bringing of this action, the Plaintiff performed all his obligations and conditions under the insurance policy to be performed by him so as to entitle him to recover under the uninsured/underinsured motorist coverage thereof. Further, the Plaintiff has fully complied with all the terms of the insurance policy and all

conditions precedent to the bringing of this action have been satisfied by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant State Farm for damages, costs, interest, and other relief as this Court may deem proper.

### Count II
### Claim for Vicarious Liability against Oldsmar Air

17. The allegations in paragraphs one through eight are realleged and incorporated by reference.

18. At the time and place of the motor vehicle crash described above, the tortfeasor, Jeffry Young, was in the course and scope of his employment with the defendant, Oldsmar Air.

19. Because Young was in the course was in the course and scope of his employment with Oldsmar Air, Oldsmar Air is vicariously liable for Young's negligence.

20. All conditions precedent to this action have been satisfied or waived.

WHEREFORE, Plaintiff demands judgment against Defendant Oldsmar Air for damages, costs, interest, and other relief as this Court may deem proper.

### Count III
### Claim for Insurance Bad Faith Against
### State Farm Mutual Automobile Insurance Company

21. The allegations in paragraphs one through eight and 10 through 13 are realleged and incorporated by reference.

22. This is a claim for insurance bad faith which will be ripe upon either a determination by the Court, or a confession of judgment by State Farm Mutual Automobile Insurance Company, that Plaintiff is entitled to the limit of uninsured motorist

benefits under the State Farm Mutual Automobile Insurance Company policy attached as Exhibit A and described in more detail below.

23. Plaintiff furnished State Farm Mutual Automobile Insurance Company with a claim under its policy for uninsured/underinsured motorist benefits.

24. Defendant, State Farm Mutual Automobile Insurance Company, refuses to pay the reasonable damages suffered by Plaintiff.

25. State Farm Mutual Automobile Insurance Company's refusal to pay reasonable damages is wrongful and constitutes bad faith.

26. Specifically, State Farm Mutual Automobile Insurance Company did not attempt in good faith to settle Plaintiff's claim when, under the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests.

27. In addition, State Farm Mutual Automobile Insurance Company breached other duties under Fla. Stat. §624.155, including but not limited to (1) failing to properly train adjusters and claims personnel; (2) placing its own financial interests before those of Plaintiff; (3) failing to acknowledge and act promptly on communications with respect to the Plaintiff claim; (4) making only a nominal offer, and refusing to consider undisputed and readily available information about the nature and extent of Plaintiff's injuries; (5) failing to promptly provide a reasonable written explanation of the basis in its insurance policy, in relation to the facts and applicable law, for its decision to make a nominal settlement offer; and (6) failing to notify Plaintiff of any additional information it needed to process the uninsured motorist claim.

28. The wrongful acts by State Farm Mutual Automobile Insurance Company alleged in this claim constituted its general business practices in that they (1) were expressions of, and were in compliance with, standard company practices and procedures; (2) are alleged by State Farm Mutual Automobile Insurance Company to be consistent with standard and good faith claims practices, and consequently or incidentally, (3) occur with such frequency that they indicate general business practices.

29. Pursuant to Fla. Stat. §624.155, Plaintiff gave written notice of the statutory violation to State Farm Mutual Automobile Insurance Company and the Florida Department of Insurance. A copy of the notice sent by Plaintiff is attached as Exhibit B.

30. More than 60 days have elapsed since Plaintiff gave written notice and State Farm Mutual Automobile Insurance Company still has not paid Plaintiff's damages and/or corrected the circumstances giving rise to the violation.

31. Plaintiff has suffered damages as a result of State Farm Mutual Automobile Insurance Company's bad faith.

32. Plaintiff has been forced to hire the undersigned attorneys to prosecute this lawsuit on his behalf and is obligated to pay them a reasonable fee for their services.

33. Plaintiff is entitled to recover a reasonable attorney's fee pursuant to Fla. Stat. §627.428, §624.155, and §627.727(10).

34. All conditions precedent to this action have occurred or have been waived.

WHEREFORE, Plaintiff, Jeremy Robinson, demands judgment against State Farm Mutual Automobile Insurance Company for damages, pre and post judgment interest,

costs, attorney's fees, other bad-faith damages, and other relief as this Court may deem proper.

## Demand for Jury Trial

Plaintiff demands trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that the foregoing document is being served this day either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**ROMAN & GAYNOR**

s/ Morgan L. Gaynor
MARK S. ROMAN, ESQUIRE
FBN 603831/SPN 754785
MORGAN L. GAYNOR, ESQUIRE
FBN 935662/SPN 01512367
2360 Congress Avenue
Clearwater, Florida 33763
(727) 787-2500
(727) 669-0992 - fax
Counsel for Plaintiff
SVC EMAIL: romangaynor@romangaynor.com